UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*****************************************

| | |
|---|---|
| ISIDORO BLANCO, CARLOS ASCENCIO, and NELSON OMAR HERNANDEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No.: |
| UNITED COMB AND NOVELTY CORPORATION d/b/a UNITED SOLUTIONS and UNITED PLASTICS, ASI STAFFING GROUP CORP. d/b/a ASI GROUP CORPORATION, AMAA ASSOCIATES, INC., AMAA GROUP, INC., INTERIM RECRUITING SOLUTIONS, INC., TML INTERNATIONAL, INC., US STAFFING CORP., EDWARD W. ZEPHIR, SETARA B. SHETU, ANTONIO CARRERO, MOHAMMED SUMAN, MAZHARUL ISLAM, and MONZUR KHAN, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

*****************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL
## INTRODUCTION

1.   This is an action seeking payment of overtime premiums due to Plaintiffs and other similarly situated low-wage workers under federal and state law for work performed at a plastics factory located at 33 Patriots Circle in Leominster, Massachusetts.

2.   These low-wage workers regularly work or worked at the plastics factory between four and seven 12-hour shifts per week, that is, between 48 and 84 hours per week. Their employers, described more particularly below, regularly and deliberately failed to pay overtime pay as required by both state and federal law and illegally and deliberately evaded the state and federal overtime laws by paying workers for work performed at the plastics factory with two separate checks or with a combination of check and cash.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is conferred on this court under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in this district at the plastics factory located at 33 Patriots Circle, Leominster, Massachusetts, (hereinafter, the "Patriots Circle Factory").

## PARTIES

5. Plaintiff Isidoro F. Blanco is a resident of Leominster, Massachusetts.

6. Plaintiff Carlos Asencio is a resident of Leominster, Massachusetts.

7. Plaintiff Nelson Omar Hernandez is a resident of Leominster, Massachusetts.

8. Defendant United Comb and Novelty Corporation, doing business as United Solutions and/or United Plastics (hereinafter "United"), is a domestic corporation organized under the laws of Massachusetts. It has operations located at 33 Patriots Circle, Leominster, Massachusetts, 01453-5967, as well as in Sardis, Mississippi and Gilbert, Arizona. According to corporate filings with the Massachusetts Secretary of the Commonwealth (hereinafter "corporate filings"), its business office is located at 161 Sixth Street, Leominster, Massachusetts, 01453. United was incorporated in Massachusetts in 1977. United fabricates molded plastic products for commercial, governmental and residential use under its own and other corporate trademarks.

9. At all times relevant to this litigation, Defendant United has been owned and operated by Defendant Edward Zephir, who is also United's president, treasurer, secretary, director, and registered agent. Edward Zephir's address is identified in United's corporate filings as 437 West Street, Leominster, Massachusetts, 01453.

10. Defendant ASI Staffing Group Corporation, d/b/a ASI Group Corporation (hereinafter "ASI Staffing") is a domestic corporation organized under the laws of Massachusetts, with its principal Massachusetts office located at 774 Crawford Street, Fitchburg, Massachusetts, 01420, and a second office located at 345 Central Street, Leominster, Massachusetts, 01453. ASI Staffing has operated in Massachusetts since at least 2006 and was incorporated in Massachusetts in 2009. According to its articles of incorporation, ASI Staffing was organized to provide "temporary employment." ASI Staffing claims on its website that it offers "staffing services" and that it handles all of its clients' "staffing needs and all legal and financial responsibilities." According to its website, ASI Staffing also has operations in Sardis, Mississippi, Gilbert, Arizona, and Norcross, Georgia.

11. At all times during ASI Staffing's existence, Defendant Setara B. Shetu has been its sole corporate officer, serving as its president, treasurer, secretary, director, and

registered agent. Setara Shetu's address is identified in ASI Staffing's corporate filings as 96 Oak Street, Taunton, Massachusetts, 02780.

12. Defendant AMAA Associates, Inc., also d/b/a AMAA Group, Inc. (hereinafter "AMAA"), is a domestic corporation organized under the laws of Massachusetts; its date of incorporation is listed in corporate filings as March 24, 2011. AMAA's principal Massachusetts office is located at 163 Pioneer Drive, 2nd Floor, Leominster, Massachusetts, 01453. According to its articles of incorporation, AMAA was incorporated as an "employment agency."

13. At all times during AMAA's existence, Defendant Mazaharul Islam has been its sole corporate officer, serving as its president, treasurer, secretary, vice president, director, and registered agent. Mazaharul Islam's address is identified in AMAA's corporate filings as 163 Pioneer Drive, 2nd Floor, Leominster, Massachusetts, 01453, and 345 Central Street, Leominster, Massachusetts, 01453.

14. Defendant Interim Recruiting Solutions, Inc. (hereinafter "Interim Recruiting"), is a domestic corporation organized under the laws of Massachusetts; according to its articles of incorporation, Interim Recruiting was incorporated on September 30, 2010. Interim Recruiting has offices located at 2886 Keeley Cove, Southaven, Massachusetts, 38671, and 163 Pioneer Drive, Leominster, Massachusetts, 01453. According to its articles of incorporation, Interim Recruiting was incorporated as an "employment agency."

15. At all times during Interim Recruiting's existence, Defendant Antonio Carrero has been its sole corporate officer, serving as its president, vice president, treasurer, secretary, and director. Antonio Carrero's addresses are identified in Interim Recruiting's corporate filings as 255 Granite Street, Leominster, Massachusetts, 01453, and 2886 Keeley Cove, Southaven, Massachusetts, 38671.

16. Defendant TML International, Inc. (hereinafter "TML") is a domestic corporation organized under the laws of Massachusetts; according to its articles of incorporation, TML was incorporated on or about March 16, 2009. TML has offices at 95 Montello Street, No. 101, Brockton, Massachusetts, 02301. According to its initial articles of incorporation, TML was incorporated to provide "factory/office consultant" assistance; its mission was amended in 2009 to provide "IT/Office Help/Consulting/Any other work permitted under the law."

17. At all times during Interim Recruiting's existence, Defendant Monzur Khan has been its president, treasurer, director, and registered agent. Monzur Khan's addresses are identified in TML's corporate filings as 95 Montello Street, Taunton, Massachusetts, 02301, 95 Montello Street, Brockton, Massachusetts, 02301, and 96 Oak Street, Taunton, Massachusetts, 02780.

18. Defendant US Staffing Corp. (hereinafter "US Staffing"), is a domestic corporation organized under the laws of Massachusetts; according to its corporate filings, US Staffing was incorporated on or about November 29, 2011. US Staffing has offices at

29 Comstock Road, Leominster, Massachusetts, 01453.  According to its articles of incorporation, US Staffing was incorporated as an "employment agency."

19. At all times during US Staffing's existence, Defendant Mohammed Suman has been its sole corporate officer, serving as its president, vice president, treasurer, secretary, director, and registered agent.  Mohammed Suman's addresses are identified in US Staffing's corporate filings as 29 Comstock Road, Leominster, Massachusetts, 01453, and 1040 Hampton Hill Ct., Lawrenceville, Georgia, 30044.

20. Hereinafter United, ASI Staffing, AMAA, Interim Recruiting, TML, and US Staffing are referred to collectively as the "Corporate Defendants."

21. Hereinafter Edward Zephir, Setara Shetu, Mazaharul Islam, Antonio Carrero, Monzur Khan, and Mohammed Suman are referred to collectively as the "Individual Defendants."

## FACTUAL ALLEGATIONS

22. The plastics factory located at 33 Patriots Circle, Leominster, Massachusetts ("Patriot's Circle Factory") is owned and operated by Defendant United. The Patriots Circle Factory manufactures molded plastic goods for residential and commercial use under United's trade label as well as the labels of other companies with which United has manufacturing agreements.

23. Since well before April 1, 2010 and continuing to the present date, Defendant United has operated the Patriots Circle Factory 24 hours a day, 7 days a week. Manufacturing, finishing, and maintenance work at the Patriots Circle Factory is performed in two 12-hour shifts, 7:00 a.m. to 7:00 p.m. or 7:00 p.m. to 7:00 a.m.

24. Between approximately April 2002 and approximately November 2012, Plaintiff Isidoro Blanco worked at the Patriots Circle Factory. For work performed after April 1, 2010, Plaintiff Blanco earned a base hourly wage rate  between $8.00 and $9.25 per hour.

25. Between approximately 2009 and approximately May 2012, Plaintiff Carlos Asencio worked at the Patriots Circle Factory. For work performed after April 1, 2010, Plaintiff Asencio earned a base hourly wage rate between $8.00 and $8.75 an hour.

26. Between approximately November 2006 and January 2013, Plaintiff Nelson Omar Hernandez worked at the Patriots Circle Factory. For all work performed after April 1, 2010, Plaintiff Hernandez earned a base hourly wage rate between $8.25 and $9.75 an hour.

27. During the period between April 1, 2010 and continuing to the present date, the above-named Plaintiffs and all other similarly situated individuals (hereinafter "Plaintiffs") performed manufacturing, finishing, and maintenance functions at the Patriots Circle Factory necessary to turn raw materials into molded plastic products—e.g., such as garbage cans, storage containers, laundry hampers,—and to prepare them for sale.

28. At all times between April 1, 2010 and the present date, when the Plaintiffs were working at the Patriots Circle Factory, Defendant United, through its employees and agents, directed and oversaw the Plaintiffs' work on a day-to-day basis. United employees and agents hired, disciplined and/or terminated Plaintiffs working at the Patriots Circle Factory. On information and belief, United, through its employees and agents, set all job classifications working in the factory, set rates of pay for all job classifications, set shifts, and assigned the Plaintiffs' job duties in the Patriots Circle Factory. United's employees supervised and reviewed work performed by the Plaintiffs at the Patriots Circle Factory. On information and belief, United owned or leased the Patriots Circle Factory and all equipment and machinery operated by the Plaintiffs therein. On information and belief, the goods produced by the Plaintiffs at the Patriots Circle Factory were sold exclusively under the United label and/or under the labels of other companies with whom United had a manufacturing agreement.

29. At all times between April 1, 2010 and the present date, when the Plaintiffs were working at the Patriots Circle Factory, Defendant ASI Staffing, through its employees and agents, performed and/or oversaw numerous human resources functions at the factory on behalf of Defendant United. Defendant ASI Staffing hired, disciplined, and/or terminated Plaintiffs at the Patriots Circle Facility. Defendant ASI Staffing, through its employees and agents, also addressed the Plaintiffs' grievances, assigned the Plaintiffs to daily shifts, maintained each Plaintiff's attendance and time records, ran the Patriot Circle Factory's operations payroll, and held itself out as responsible for ensuring that each of the Plaintiffs was paid for each week worked at the Factory. During some weeks that the Plaintiffs worked at the Patriots Circle Factory, the Plaintiffs were on Defendant ASI Staffing's payroll. During those same weeks, they were paid with checks identifying ASI Staffing as the payor. Concurrently, Defendant ASI Staffing maintained worker's compensation insurance for all Plaintiffs working at the Factory.

30. During certain time periods between April 1, 2010 and the present date, when the Plaintiffs were working at the Factory, the Plaintiffs were on Defendant AMAA's payroll when they worked at the Patriots Circle Factory. During those same weeks, the Plaintiffs were paid with checks identifying AMAA as the payor.

31. During certain time periods between April 1, 2010, and the present date, when the Plaintiffs were working at the Patriots Circle Factory, the Plaintiffs were on Defendant Interim Recruiting's payroll. During those same weeks, the Plaintiffs were paid with checks identifying Interim Recruiting as the payor.

32. During certain time periods between April 1, 2010, and the present date, when the Plaintiffs were working at the Patriots Circle Factory, the Plaintiffs were on Defendant US Staffing's payroll. During those same weeks, the Plaintiffs were paid with checks identifying US Staffing as the payor.

33. During certain time periods between April 1, 2010, and the present date, when the Plaintiffs were working at the Patriots Circle Factory the Plaintiffs were on Defendant TML's payroll. During those same weeks, the Plaintiffs were paid with checks identifying TML as the payor.

34. Between April 1, 2010, and the present date, the Plaintiffs routinely were required to work four 12-hour shifts per week or more, in excess of forty (40) hours per week.

35. Between April 1, 2010, and the present date, the Plaintiffs' total hours worked at the Patriots Circle Factory were recorded on a daily basis by Defendant United and its employees and agents, and/or Defendant ASI Staffing and its employees and agents.

36. On information and belief, between April 1, 2010, and the present date, each Plaintiff's base hourly wage rate was set by Defendant United and/or Defendant ASI Staffing. Although base hourly wage rates differed among the Plaintiffs, the Plaintiffs were generally paid the same base hourly wage rate by every Corporate Defendant who paid them to work at the Patriots Circle Factory.

37. Between April 1, 2010, and the present date, the Plaintiffs were paid on a weekly basis for all weeks worked at the Patriots Circle Factory. For each week they worked at the Patriots Circle Factory, the Plaintiffs received wages, in the form of a check or cash, from one or more of the following Defendants: ASI Staffing, AMAA, US Staffing, TML, and Interim Recruiting.

38. For almost every weekly pay period between April 1, 2010, and the present date, the Plaintiffs did not receive any overtime premium (one-half of their base hourly rate) in addition to their base hourly wage rate for each hour worked in excess of 40 in a week ("overtime hours") at the Patriots Circle Factory. Instead, during these weeks, the Plaintiffs received only their respective base hourly wage rates for all overtime hours worked.

39. On information and belief, the Plaintiffs were not paid for any hour they did not work at the Patriots Circle Factory.

40. Since his last day of work at the Patriots Circle Factory, Plaintiff Blanco has not been paid any outstanding overtime premiums owed for overtime hours worked.

41. Since his last day of work at the Patriots Circle Factory, Plaintiff Ascencio has not been paid any outstanding overtime premiums owed for overtime hours worked.

42. Since his last day of work at the Patriots Circle Factory, Plaintiff Hernandez has not been paid any outstanding overtime premiums owed for overtime hours worked.

43. To date, none of the Plaintiffs have been paid overtime premiums earned for overtime hours worked between April 1, 2010, and the present.

44. At all relevant times to this litigation, the Defendants were aware of their obligation to pay overtime premiums at .5 times the Plaintiffs' respective base rates of pay, but nonetheless failed to do so. For example, on information and belief, posters explaining the state and federal overtime laws were posted in the Patriots Circle Factory.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

45. The Plaintiffs have satisfied all statutory prerequisites and conditions precedent necessary to seek remedy against Defendants on their state law claims by submitting complaints to the Massachusetts Office of the Attorney General and waiting before filing suit until the Office of the Attorney General authorized them to do so.

46. Attached as Exhibit A is a letter from the Office of the Attorney General authorizing the named Plaintiffs to pursue their state nonpayment of wage and overtime complaints in court.

## CLAIMS FOR RELIEF

### Count I: Fair Labor Standards Act – OVERTIME

47. The Plaintiffs hereby restate, reallege and incorporate by reference the allegations of paragraphs 1 through 46 above.

48. Corporate Defendants, and each of them, are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

49. At all times relevant to this Complaint, Defendants constituted a single employer and/or joint employers of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

50. Defendants, and each of them, suffered or permitted the Plaintiffs to work at the Patriots Circle Factory within the meaning of 29 U.S.C. § 203(g).

51. Defendants, and each of them, acted directly or indirectly in the interest of the Plaintiffs' employer or employers at the Patriot's Circle Factory under the Fair Labor Standards Act and are the Plaintiffs' employers under the Fair Labor Standards Act, as defined by 29 U.S.C. § 203(d).

52. Under the Fair Labor Standards Act, 29 U.S.C. § 207(a), Defendants were required to pay the Plaintiffs at a rate not less than one and one-half times the Plaintiffs' "regular rate" of wages for all hours the Plaintiffs worked in excess of 40 in a workweek at the Patriots Circle Factory.

53. Defendants have regularly failed to pay the Plaintiffs one and one-half times the "regular rate" at which they were employed for all hours worked longer than 40 in a workweek during weeks they worked at the Patriot's Circle Factory.

54. Defendants' failure to pay one and a half times the employees' regular rate of pay for hours worked beyond 40 hours in a workweek violates the Fair Labor Standards Act.

55. Defendants acted willfully or with reckless disregard as to their obligation

7

to pay one and a half times the employees' regular rate of pay for hours worked beyond 40 hours in a workweek, and accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

56. As a result of Defendants' unlawful conduct, the Plaintiffs suffered a loss of overtime compensation.

57. As a result of Defendants' unlawful conduct, the Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### Count II: G.L c. 151 § 1A; G.L. c. 151 § 1B--OVERTIME

58. The Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of M.G.L. c. 151.

60. At all times relevant to this Complaint, Defendants constituted a single employer and/or joint employers of the Plaintiffs within the meaning of M.G.L. c. 151.

61. At all times relevant to this Complaint, the Plaintiffs were "employees" of Defendants within the meaning of M.G.L. c. 151.

62. At all times relevant to this Complaint, Defendants employed the Plaintiffs within the meaning of M.G.L. c. 151.

63. While employed by the Defendants, the Plaintiffs consistently worked in excess of 40 hours a week and, therefore, were entitled to overtime compensation pursuant to M.G.L. c. 151 § 1A.

64. Under the M.G.L. c. 151 § 1A, Defendants were required to pay the Plaintiffs at a wage rate not less than one and one-half times the Plaintiffs' "regular rate" for all hours the Plaintiffs worked at the Patriots Circle Factory in excess of 40 in a workweek.

65. Defendants failed to pay the overtime premium to the Plaintiffs for all hours of work for which overtime payments were required, instead paying the Plaintiffs their regular hourly wage rate for hours worked in excess of 40 hours a week, in violation of M.G.L. c. 151 § 1A.

66. As a result of Defendants violation of the G.L. c. 151 § 1A, the Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with treble damages, attorneys' fees and costs of litigation.

### Count III: Aiding and Abetting

67. The Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 73 of the Complaint as if fully set forth herein.

68. Defendants, individually and/or jointly, breached their statutory obligations to pay overtime premiums under federal and state law, causing each of the Plaintiffs financial harm.

69. Each Defendant substantially assisted or encouraged one or more of the other Defendants by holding itself out as a temporary employer or staffing agency paying a portion of Plaintiffs' wages, by serving as an officer of such temporary employer or staffing agency, or by providing a common work location and accepting the services of the Plaintiffs.

70. At the time each Defendant so assisted the other Defendants, each such Defendant was aware that the other Defendants were not paying overtime premiums due to the Plaintiffs for all overtime hours worked in contravention of state and federal law.

71. In doing so, each such Defendant knowingly and substantially assisted the other Defendants in breaching their statutory obligations to pay the Plaintiffs an overtime premium for each hour worked in excess of 40 in a seven-day week.

72. As a result, each such Defendant is liable under Massachusetts common law for aiding and abetting such wrongful actions.

73. As a result of Defendants' aiding and abetting, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with attorneys' fees and costs of litigation.

## **JURY DEMAND**

Plaintiffs request a trial by jury on their claims.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs pray that this Court grant relief in their favor, and against Defendants on a joint and several basis, as follows:

A. Award all Plaintiffs actual damages, multiple damages, liquidated damages and pre-judgment interest as a result of the wrongful conduct complained of herein;

B. Award all Plaintiffs their costs and expenses in this litigation, including reasonable attorneys' fees and expert fees;

C. Enter declaratory and injunctive relief prohibiting Defendants and each of them from failing to pay overtime;

D. Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By their attorneys,

/s/Nicole Horberg Decter
Indira Talwani, Esq., BBO # 645577
Nicole Horberg Decter, Esq. BBO #658268
**SEGAL ROITMAN, LLP**
111 Devonshire Street, 5th Floor
Boston, MA 02109
Telephone:  617-742-0208
Facsimile:  617-742-2187
italwani@segalroitman.com
ndecter@segalroitman.com

/s/Audrey Richardson
Audrey R. Richardson, Esq., BBO # 630782
Greater Boston Legal Services
197 Friend Street
Boston, MA  02114
Telephone: 617-603-1662
Facsimile: 617-371-1222
arichardson@gbls.org

Dated:  April 10, 2013