# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISIDORO BLANCO, CARLOS ASCENCIO, and NELSON OMAR HERNANDEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED COMB AND NOVELTY CORPORATION d/b/a UNITED SOLUTIONS and UNITED PLASTICS, ASI STAFFING GROUP CORP. d/b/a ASI GROUP CORPORATION, AMAA ASSOCIATES, INC., AMAA GROUP, INC., INTERIM RECRUITING SOLUTIONS, INC., TML INTERNATIONAL, INC., US STAFFING CORP., EDWARD W. ZEPHIR, SETARA B. SHETU, ANTONIO CARRERO, MOHAMMED SUMAN, MAZHARUL ISLAM, and MONZUR KHAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 13-10829-TSH |

## FINDING AND ORDER ON DEFENDANTS, UNITED COMB AND NOVELTY CORPORATION D/B/A UNITED SOLUTIONS AND UNITED PLASTICS AND EDWARD W. ZEPHIR'S MOTION TO DISMISS (Docket No. 12)

### October 22, 2013

**Hillman, D.J.**

### Background

Plaintiffs Isidoro Blanco, Carlos Ascencio, and Nelson Omar Hernandez ("Plaintiffs"),
are former factory workers seeking payment of overtime pay pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216, and Massachusetts Minimum Fair Wages Act

("MFWA"), Mass.Gen.L. ch. 151 §§ 1A, 1B (together, "statutes").  The Plaintiffs allege that

United Comb and Novelty Corporation d/b/a United Solutions or United Plastics ("United"),

United's owner, Edward W. Zephir ("Zephir"), and others, separately and together violated these

statutes by failing to pay required overtime and by aiding and abetting each other in breach of

their statutory obligations.  Defendants, United and Zephir, bring this Motion to Dismiss on the

basis that the Plaintiffs (1) failed to allege sufficient facts to establish that United and Zephir are

"employers" for the purposes of the statutes; and  (2) alleged an unrecognized cause of action for

"aiding and abetting."  For the reasons stated below, I deny the motion as to United, but allow

the Plaintiffs a limited opportunity to conduct discovery on the role of Zephir and to amend their

complaint if the discovery reveals relevant facts.

## Standard Of Review

A court may not dismiss a complaint for failure to state a claim under the federal rules

"unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Judge v. City of Lowell*, 160 F.3d 67, 72 (1st Cir. 1998)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99  (1957)).  In evaluating a motion to

dismiss, the court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor.  *Langadinos v. American Airlines, Inc.*, 199 F.3d

68, 68 (1st Cir. 2000).  If those facts are sufficient to state a cause of action, the motion to dismiss

the complaint must be denied.  *Nollett v. Justices of the Trial Court of Mass.*, 83 F. Supp.2d 204,

208, *aff'd* 248 F.3d 1137 (1st Cir. 2000).  This is because Rule 8(a)(2) requires only a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

The statement must "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).

Even though this standard is deferential, it is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2008). As the First Circuit has recognized, "the complaint should at least set forth minimal facts as to who did what to whom, when, where and why – although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004)(citations omitted). Courts should "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." *Id.* (citations omitted).

## Discussion

### The Plaintiffs' Statutory Claims

The gravamen of the Plaintiffs' complaint is that United and Zephir, along with the other named defendants, failed to provide the Plaintiffs with overtime pay as required by the FLSA and MFWA. Dismissal of these counts hinges on whether the Plaintiffs' complaint alleges sufficient facts to establish that United and Zephir should be considered "employers" for the purposes of the statutes, thus conferring standing on the Plaintiffs to bring an action against these defendants.

To state a claim under the FLSA, the Plaintiffs must show that (1) they are employed by the defendants, (2) the work involves an interstate activity, and (3) the plaintiffs performed work for which they were undercompensated. *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Federal courts interpret the employer/employee relationship expansively and consider the "economic reality" of

the relationship between the entity and the workers to determine whether an employment relationship exists. *Donovan v. Agnew,* 712 F.2d 1509, 1510 (1st Cir. 1983). Factors considered under this economic reality test are whether the entity "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Baystate Alt. Staffing v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998).

The test to determine whether an entity is an "employer" under the operative sections of the MFWA is more elusive.[1] Although in general, the provisions of the MFWA addressing overtime pay have been determined to be a statutory analog of the FLSA, *see Valerio v. Putnam Assoc. Inc.*, 173 F.3d 35, 40 (1st Cir.1999), the terms within the statutes are not necessarily given the same interpretation.[2] The overtime sections of the MFWA (sections 1A and 1B) do not provide a definition of "employer." The amplifying regulation defines an employer as "an individual, corporation, partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration, or other compensation." 455 C.M.R. § 2.01. This regulation, however, offers no clear guidance to determine when an entity "engages the services of an employee."[3] To make this determination, I look to principles of statutory construction which dictate

---

[1] I note here that relief pursuant to the MFWA may be limited by operation of the FLSA. To the extent that the Plaintiffs are seeking remedies that are the same as those provided for by the FLSA, those remedies would be preempted. *See Roman v. Maietta Construction, Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (examining Maine's wage statute and determining that the trial court correctly declined to grant plaintiff remedies under that statute because the FLSA was the exclusive available remedy).

[2] In particular, the Supreme Court's decision to employ the "economic reality" test specifically resulted from the Court's interpretation of the remedial purposes of the FLSA. *See Rutherford Food Corp. v. McComb,* 331 U.S. 722, 728-29, 67 S.Ct. 1473 (1947); *see also Donovan*, 712 F.2d at 1513 (discussing history).

[3] I am not persuaded by the Plaintiffs' argument that I should rely on chapter 149 of the MFWA, and cases interpreting that section, to determine who should be an "employer" for the purposes of the state law. I recognize that the definition of "employer" in chapter 149 is much broader that than in chapter 151; an employer can include a "president or treasurer" without any reference to that individual's interaction with employees. M.G.L. ch. 149 §

that when a statute includes a term well-known to the common law, courts should presume that the legislature intended the term to be interpreted as in the common law. The interpretation of well-defined words in the common law carries over to statutes dealing with the same or similar subject matter. Furthermore, common-law meanings are assumed to apply even in statutes dealing with new and different subject matter, to the extent that they appear fitting and in the absence of evidence to indicate contrary meaning.

*Veiga v. McGee* , 26 F.3d 1206, 1210-11 (1st Cir. 1994) (citations omitted).

In many contexts, Massachusetts courts have had occasion to apply an "agency" test to determine the employment status between two entities. *See, e.g., Dias v. Brigham Medical Assoc., Inc.*, 438 Mass. 317, 322-23 (2002) (citing Restatement (Second) of Agency § 220(2) (1958)). At least one Massachusetts court has applied the Restatement factors in an overtime compensation case. *See Salmons v. Anthony Man. Co.*, 9 Mass. L. Rptr. 263, 1998 WL 795056, at *2 (Mass. Super. Nov. 5, 1998) (unpub. op.) (Garsh, J.). *But see Tidd v. Adecco USA, Inc,* 2010 WL 996769 (D. Mass. Mar. 16, 2010) (unpub. op.) (O'Toole, J.) (analyzing the "employer" relationship for both the FLSA and Massachusetts state law claim under the "economic reality" test). The First Circuit has followed suit by utilizing the Restatement factors to determine whether an entity was an "employer" for purposes of the Massachusetts age discrimination statute, Mass.Gen.L. ch. 151B. *See  Speen v. Crown Clothing Corp.*, 102 F.3d 625, 629-30 (1st Cir. 1996). Accordingly, I apply the following factors to determine whether

---

148. Significantly, the text of section 148 contains an important limitation: it applies only to "this section" of the statute. Id.  Even without this expressly limiting language, I would find that chapter 149's definition does not apply to the entire MLWA, since other sections of the statute present alternative definitions of "employer." See, e.g., M.G.L. ch. 151A § 1 (defining "employer" as "any employing unit subject to this chapter, the commonwealth, its instrumentalities, political subdivisions, their instrumentalities, any instrumentality of more than one of the foregoing, and any instrumentality of any of the foregoing and one or more other states or political subdivisions."). Where, as here, the legislature carefully defined a term in one section and defined it differently in another, I can assume that the legislature did not intend for the term "employer" to have a general meaning for all portions of the MFWA; thus, I decline to read the definition of "employer" from chapters 149 or 151A into chapter 151.  See Commissioner of Correction v. Sup. Ct., 446 Mass. 123, 125-126 (2006) (discussing principles of statutory construction).  In any event, even the cases interpreting chapter 149 of the MFWA provide little guidance with respect to the Massachusetts courts' test – the economic reality test, as used in the FLSA, or common-law principles of agency – to determine when an entity "employs" a worker.  See generally Cook v. Patient Edu, LLC, 465 Mass. 548 (2013); Wiedmann v. Bradford Group, Inc., 444 Mass. 698 (2005).

United or Zephir are employers of the Plaintiffs under the MFWA: (a) the extent of control which the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation of master and servant; and (j) whether the principal is, or is not, in business. Restatement (Second) of Agency § 220(2).

With respect to defendant United, I find that the totality of the circumstances as alleged by the Plaintiffs are sufficient to state a claim under both the FLSA and MFWA. The Plaintiffs worked at a factory in Leominster, Massachusetts, owned by United. The Plaintiffs allege that United employees or agents hired, disciplined or terminated the Plaintiffs; set all job classifications for working in the factory; set rates of pay for those classifications; set shifts; supervised and reviewed the Plaintiffs' work at the factory; and assigned jobs to the Plaintiffs. Moreover, United owned or leased all the equipment and machinery operated by the Plaintiffs and sold the goods produced by the Plaintiffs under the United label. Compl. at ¶ 28. Paragraph 35 further alleges that United employees recorded Plaintiffs' hours. Examining the factors set forth in *Baystate Alt. Staffing*, I conclude that these facts, as alleged, establish United's status as an employer of the Plaintiffs. Similarly, applying the Restatement factors, paragraphs 28 and 35 demonstrate that United also provided the instrumentalities and tools that the Plaintiffs used each

day, and the Plaintiffs engaged in work that was a regular part of United's business.  In addition, plaintiff Blanco worked at the United facility for approximately ten years; Ascencio for three; and Hernandez for seven.  Compl. at ¶¶ 24-26.  The lengths of their employment suggest that employer/employee relationships were established between United and the Plaintiffs.

Although United argues that these allegations are not "facts" but are more akin to "bare assertions," I disagree. The Plaintiffs do not have a burden at the pleading stage to do any more than lay out the operative facts that would put United on notice about their theory of the case. Fed.R.Civ.P. 8.  "Even where direct allegations of knowledge are pled in a conclusory fashion, defendants' knowledge of unlawful conduct may be inferable from other allegations in the complaint."  *Manning*, 725 F.3d at 44  (internal citation omitted).  Drawing inferences in favor of the Plaintiffs, their allegations that they worked in United's factory for significant lengths of time indicate that they had personal knowledge of the control exerted by United's employees over their work.  Although the complaint alleges that the Plaintiffs were also on the payroll of the staffing and recruiting agency defendants, who handled oversight, assignment, hiring and firing, and payment functions, this potential conflict or duplication of functions does not render the statements made in Paragraph 28 false or conclusory, since under the FLMA, "[t]here may be several simultaneous employers." *Donovan*, 712 F.2d at 1510.  The Plaintiffs allege several elements of employment unique to United which were not exercised by the staffing and recruiting defendants – including establishing job classifications and assigning jobs – and I draw an inference in the Plaintiffs' favor that they based their allegations in paragraph 28 on personal knowledge of the specific functions exercised by United's employees.  On this basis, I determine that the Plaintiffs' allegations are factual statements sufficient to establish that United is an employer for purposes of the FLSA and the MFWA.

I arrive at a different result for defendant Zephir.  United is owned and operated by Zephir.  An individual corporate officer may be considered an employer for statutory purposes and thus jointly and severally liable for any violation of the FLSA,  *Donovan,* 712 F.2d at 1511, but only upon demonstration that there was a "role played by the corporate officer in causing the corporation to undercompensate employees and to prefer the payment, other obligations, and/or the retention of profits." *Baystate Alt. Staffing*, 163 F.3d at 678; *see also* M.G.L. c. 151 § 1B ("Any employer or the officer or agent of any corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required by section one A shall have violated this section[.]").  The First Circuit's economic reality test applies in equal force to the owner of a business as to the business itself.  *See Donovan*, 712 F.3d. at 1514.  Similarly, I conclude that the Restatement agency factors apply when determining whether an individual officer or agent can face liability under the MFWA.

I agree with Zephir that the bare-bones allegations in the Plaintiffs' complaint that Zephir owns and operates United, and that he is also United's president, treasurer, secretary, director, and registered agent, are insufficient to establish that he was an "employer" for purposes of either of the statutes.  *See* Compl. at ¶ 9.  These allegations, without more, cannot support the statutory claims.

Despite this deficiency, I will not now dismiss the claims against Zephir. *See* Fed.R.Civ.P. 15(a)(2) ("A court should freely give leave when justice so requires.").   Instead, I give the Plaintiffs a limited period of discovery within which to conduct discovery solely on the issue of Zephir's status as an employer and to amend their complaint accordingly.

*The  Plaintiffs' Claims for Aiding and Abetting*

United and Zephir argue that the Plaintiffs cannot plead sufficient facts to support a cause of action for aiding and abetting, because such claim cannot be recognized as a matter of law. The defendants maintain that because the FLSA does not explicitly list aiding and abetting as a theory of liability, the claim must be dismissed.

While United and Zephir are correct that the Supreme Court's *Central Bank of Denver, N.A., infra, N.A.*, decision speaks to this issue and generally disfavors imputing a cause of action into a statute if it is not explicitly part of the statutory structure, the analysis does not end there. *See  Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182, 114 S.Ct. 1439 (1994)("Congress has not enacted a general civil aiding and abetting statute . . . . Thus, when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors."); *see also* 29 U.S.C. §§ 201-219 (FLSA does not reference aiding and abetting).  United and Zephir fail to consider that "aiding and abetting" is a traditional common law cause of action, and that the Plaintiffs' allegations do not arise from a statutory cause of action but rather from state common law.

Such common law claims are not preempted by the existence of the FLSA or the MFWA. The First Circuit recently had an opportunity to rule on a similar issue in *Manning*.  In that case, the plaintiffs brought common law contract, fraud, and unjust enrichment claims predicated on the same facts as their FLSA claims. *See generally Manning,* 725 F.3d 40-42.  As an initial matter, the First Circuit affirmed the lower court's conclusion that common law causes of action would be preempted if their remedies were in direct conflict with the FLSA.  *See id.,* at 55.  But to the extent that the plaintiff sought recovery separate from payments allowed by the FLSA

(such as straight-time pay, not overtime pay), the common law actions were allowed to proceed. *Id.*  The court further reasoned that MFWA did not preempt common law causes of action, particularly as the Massachusetts Supreme Judicial Court has ruled that "an existing common law remedy is not to be taken away by statute unless by direct enactment or necessary implication." *Id.* at 56 (quoting *Eyssi v. City of Lawrence,* 416 Mass. 184 (1993)).  The decision in *Manning* is bolstered by a recent Massachusetts Supreme Judicial Court decision, in which the court was "asked to decide whether [the MFWA is] intended to by the exclusive remedy for the unpaid wages under Massachusetts law, preempting common-law breach of contract and related quasi-contract claims." *Lipsitt v. Plaud,* 466 Mass. 240, 240 (2013).  The court concluded that it was not.  *Id.*

In this case, the common law claim presented by the Plaintiffs encounters no statutory bar, other than that the remedies they may ultimately receive cannot be in conflict with those provided by the statutes. *See Manning*, 725 F.3d at 55.  As aiding and abetting is a recognized common law claim in Massachusetts, I recognize the Plaintiffs' right to allege violations in this matter.  *See Green v. Parts Distribution Xpress, Inc.*, 2011 WL 55928580, at *3 (D.Mass. Nov. 29, 2011) (unpub. op.) (Casper, J.) (collecting Massachusetts and federal court cases that recognize a cause of action for aiding and abetting under Massachusetts common law); *see also* Restatement (2d) of Torts § 876(b) (establishing liability for aiding and abetting if a party "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself").

I conclude that the Plaintiffs have alleged sufficient facts against United to state a claim. The Plaintiffs allege that from April 2010 to the present, they routinely worked four twelve-hour shifts, which totaled more than forty hours per week; and paragraphs 35 and 36 of the complaint

allege that both United and the staffing and recruiting defendants set the Plaintiffs' hourly rates and recorded their hours. An inference can be made from these allegations that these defendants, who were all responsible for employee-related issues for several years, would have knowledge of the wage statutes; further, the allegations are sufficient to establish that due to these overlapping responsibilities, the defendants assisted each other in their efforts to violate the statutes.

However, as with the statutory causes of action, this conclusion is reached only for defendant United. Given the deficiencies in the pleadings against defendant Zephir and his economic relationship with the Plaintiffs, I determine that the Plaintiffs have failed to allege sufficient facts to maintain a claim for aiding and abetting. I again will provide the Plaintiffs with a limited period of discovery relating to Zephir's status as an employer.

### Conclusion

For the foregoing reasons, Defendants, United Comb And Novelty Corporation D/B/A United Solutions And United Plastics And Edward W. Zephir's Motion To Dismiss (Docket No. 12) is ***denied*** as to United. With respect to defendant Zephir, I order that the Plaintiffs have a thirty-day window within which to conduct discovery relating to Zephir's status as an "employer" under the FLMA and MFWA and to file an amended complaint. Failing such amendment, the allegations against Zephir shall be dismissed in accordance with this decision.


  */s/ Timothy S. Hillman*
  TIMOTHY S. HILLMAN
  DISTRICT JUDGE